IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ROBERT THEODORE WEIDOW,**
    Plaintiff,

vs.                                Case No. 3:07cv428/MCR/MD

**OKALOOSA COUNTY, FLORIDA, et al.,**
    Defendants.

ORDER and
REPORT AND RECOMMENDATION

       **Plaintiff**, an inmate proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 6) and a motion to proceed *in forma pauperis* (doc. 7).  For the limited purpose of dismissal of this complaint, leave to proceed *in forma pauperis* will be granted.

       Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  In determining whether a complaint should be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, Rule 12(b)(6) standards apply, since the language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1487 (11th Cir. 1997).  That standard requires the court to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light

most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001). Upon review of plaintiff's amended complaint, the undersigned concludes that this case should be dismissed under § 1915(e)(2)(B)(ii).

**Plaintiff is currently incarcerated at the Okaloosa County Department of Corrections ("Okaloosa County DOC"). Named as the defendant in his amended complaint is "Okaloosa County, Florida," (doc. 6, p. 1) and/or "Okaloosa County Officials." (Doc. 6, p. 2). Plaintiff alleges that Okaloosa County DOC officials took his legal work when he was transferred to the medical department for "heart trouble." (Doc. 6, p. 5). He further asserts that he is "being threatened and hindered in [his] legal plight," and that his mail is "being tampered with." Plaintiff adds, "I need my writ of habeas corpus!" As relief, plaintiff seeks $200,000.00 monetary damages (for pain and suffering) as well as the following: "my rights protected, writ of habeas corpus, motion to hear and rule, motion to dismiss criminal charges." (*Id.*, p. 7).**

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001).

As an initial matter, to the extent plaintiff seeks to impose § 1983 liability against Okaloosa County or Okaloosa County officials in their official capacities, his allegations fail to state a claim for relief that is plausible on its face.  The law is clear that a municipality cannot be held liable for the actions of its employees under § 1983 based on a theory of *respondeat superior*.  *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 663, 98 S.Ct. 2018, 2022, 56 L.Ed.2d 611 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinatti,* 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).  Rather, "[i]t is only when the execution of the government's policy or custom . . . inflicts the injury that a municipality may be held liable under § 1983."  *City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (internal quotation marks omitted); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166, 113 S.Ct. 1160, 1162, 122 L.Ed.2d 517 (1993); *McDowell v. Brown,* 392 F.3d 1283 (11th Cir. 2004).  "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell*, 392 F.3d at 1289.  Thus, a plaintiff seeking to impose liability on a municipality under § 1983 must identify a particular municipal "policy" or "custom" that caused the constitutional injury.  *Board of County Comm'rs v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." *Wayne v. Jarvis,* 197 F.3d 1098, 1105 (11th Cir.1999) (quoting *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir.1997)).  Further,

plaintiff must show that a county policy or custom was the "moving force" that caused the alleged constitutional violations to establish the county's § 1983 liability. *McElligott v. Foley*, 182 F.3d 1248, 1259 (11th Cir. 1999); *Young v. City of Augusta, GA.*, 59 F.3d 1160, 1171 (11th Cir. 1995). In the instant case, plaintiff neither claims nor alleges facts to suggest that a particular municipal "policy" or "custom" caused the alleged constitutional violations. Thus, his allegations fail to make out a plausible claim for § 1983 relief against Okaloosa County.

Second, even if plaintiff sued individually the corrections officers who engaged in the alleged misconduct, his allegations still fail to state a constitutional claim that is plausible on its face. Plaintiff complains that Okaloosa County DOC officials took his legal work when he was transferred to the medical department; that he is "being threatened and hindered in [his] legal plight;" and that officials "tampered" with his mail. The undersigned construes these assertions as claiming, in part, violation of plaintiff's First Amendment right of access to the courts. In raising such a claim, it is vital to plaintiff's standing that he specifically show how he was actually harmed or prejudiced with respect to specific litigation in which he was involved. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606; *see also Bass v. Singletary,* 143 F.3d 1442, 1445 (11th Cir. 1998); *Chandler v. Baird*, 926 F.2d 1057, 1062-63 (11th Cir. 1991). "The injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis,*116 S.Ct. at 2181. Plaintiff must show that he was prejudiced in a non-frivolous legal claim regarding his sentence or conditions of confinement, such as a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 2181-82 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974));[1] *Bass v. Perrin*, 170 F.3d 1312, 1320 n. 13 (11th Cir. 1999); *Wilson v.*

---

[1]The Court gave examples of the "actual injury" which would satisfy this standard:

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint. *Id*. The Court further held that the prisoner must also show that the claim as to which he was

*Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998). In other words, a plaintiff must articulate facts indicating some prejudice, such as "a denial or dismissal of a direct appeal, habeas petition, or civil rights case," *see Bass* v. *Singletary*, 143 F.3d at 1446, or "being unable to do timely research on a legal problem or being procedurally or substantially disadvantaged in the prosecution of the cause of action," *Chandler v. Baird*, 926 F.2d 1057, 1063 (11th Cir. 1991). In the instant case, liberally construing plaintiff's allegations as indicating that the legal work at issue involved a petition for writ of habeas corpus, his allegations fail to establish prejudice. Plaintiff's conclusory assertion that he was "hindered" does not specifically show how he was actually harmed or prejudiced with regard to the habeas corpus proceeding. Further, with regard to plaintiff's claim that officials tampered with his mail, he wholly fails to explain how he was harmed by the alleged tampering or who in the Okaloosa County DOC mail room allegedly tampered with the mail.

Finally, to the extent plaintiff claims he was verbally threatened in violation of his constitutioanl rights, his allegations fail to state a cognizable claim. It is a long established principle that "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)(holding that the sheriff's laughing at inmate and threatening to hang him did not violate the Constitution). As the Fifth Circuit has stated:

> as a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. . . . Were a prisoner . . . entitled to a jury trial each time he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits . . . .

*McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quotations and citations omitted). *See also Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (mere

---

impeded was not frivolous. *Id*. at 2181 and n. 3. Significantly, the Court noted that the requirement that a claimant show that he was impeded in the pursuit of a nonfrivolous claim was a requirement beyond that enunciated in *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

*Id*. at 2181 and n. 3.

allegations of verbal abuse do not present actionable Section 1983 claim); *Swoboda v. Dubach* 992 F.2d 286, 290 (10th Cir. 1993) (allegations that officers threatened to kill inmate not cognizable under Section 1983); *Hopson v. Fredricksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (mere verbal threats generally do not constitute a Section 1983 claim); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997); *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996); *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Ivey v. Williams*, 832 F.2d 950, 955 (6th Cir. 1987); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985)(holding that "[v]erbal threats do not constitute a constitutional violation") ; *Johnson v. Glick*, 481 F.2d 1028, 1033 n. 7 (2nd Cir. 1973); *Crenshaw v. City of Defuniak Springs*, 891 F.Supp. 1548, 1555 (N.D. Fla. 1995) ("verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under Section 1983").  Plaintiff's assertion that he was threatened, without more, falls far short of presenting an actionable § 1983 claim.

**Accordingly, it is ORDERED:**

**Plaintiff's motion to proceed** *in forma pauperis* **(doc. 7) is GRANTED for the limited purpose of dismissing this action.**

**And it is respectfully RECOMMENDED:**

**That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. §1915(e)(2)(B)(ii), and the clerk be directed to close the file.**

At Pensacola, Florida, this 13th day of November, 2007.

/s/ *Miles Davis*
     **MILES DAVIS
     UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:07cv428/MCR/MD*